■ MOSES TAYLOR JR. POST, No. 136, AMERICAN LEGION, INC., Respondent, v SELECTIVE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, and BOARD OF TRUSTEES OF VILLAGE/ TOWN OF MOUNT KISCO, Respondent-Appellant. [751 NYS2d 853] —In an action, inter alia, to recover damages for breach of a commercial insurance policy, the defendant Selective Insurance Company of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 30, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Board of Trustees of the Village/Town of Mount Kisco appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant Selective Insurance Company of New York for summary judgment dismissing the complaint insofar as asserted against it and substituting

therefor a provision granting that motion; as so modified, the order is affirmed, the complaint is dismissed insofar as asserted against the defendant Selective Insurance Company of New York, the action against the remaining defendant is severed, with one bill of costs to the defendant Selective Insurance Company of New York payable by the defendant Board of Trustees of the Village/Town of Mount Kisco.

The plaintiff commenced this action seeking to recover damages caused by diluted waste water from sewer pipes flooding its property during a hurricane on September 16 and 17, 1999. The plaintiff claimed that the defendant Board of Trustees of the Village/Town of Mount Kisco (hereinafter the Village) negligently and deliberately closed its sewer pumps during the hurricane, thereby causing the waste waters to back up into plaintiff's property. The plaintiff further claimed that the defendant Selective Insurance Company of New York (hereinafter Selective) failed to provide coverage pursuant to a commercial property insurance policy.

The Village's cross motion for summary judgment was properly denied since issues of fact remain as to whether the Village shut down its sewer pumps on the dates in question, thereby causing damage to the plaintiff's property (*see Zuckerman v City of New York,* 49 NY2d 557).

The defendant Selective established its entitlement to judgment as a matter of law by establishing that the plaintiff's claim for coverage under its commercial property insurance was barred by the weather exclusion and water exclusion (*see B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.,* 248 AD2d 856). The plaintiff failed to raise a triable issue of fact. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.