■  CHI-MING TANG et al., Respondents, v VILLAGE OF GEN-
ESEO, Appellant. [757 NYS2d 188] —Appeal from an order of
Supreme Court, Livingston County (Cicoria, J.), entered Janu-
ary 4, 2002, which denied defendant's motion for summary
judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously reversed on the law without
costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action alleging that
defendant's negligence resulted in the blockage of the sanitary
sewer system owned and maintained by defendant, causing a
backup of sewage in the basement of plaintiffs' home. Supreme
Court erred in denying defendant's motion for summary judg-
ment dismissing the complaint. Contrary to plaintiffs' conten-
tion, the mere fact that the sanitary sewer system backed up
as the result of an unknown blockage is insufficient to estab-
lish that defendant municipality was negligent as a matter of
law (see Biernacki v Village of Ravina, 245 AD2d 656, 657
[1997]). "Rather, an owner must show that the municipality ei-
ther affirmatively breached a duty owed or that it was actively
negligent and the negligence caused the flooding" (id.; see also
Linden Towers Coop. No. 4 v City of New York, 272 AD2d 587
[2000]). In support of its motion, defendant submitted the dep-
osition testimony of the person in charge of defendant's Streets
Department stating that defendant had no record of prior
complaints of sewage backup and that, based upon annual
periodic line flushing conducted in the two years prior to the
incident, no sewage backup problems had been detected. De-
fendant thereby met its initial burden on the motion, and
plaintiffs failed to raise an issue of fact (see generally Zucker-
man v City of New York, 49 NY2d 557, 562 [1980]). Present—
Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.