■ LUCILLE P. VARON et al., Respondents, v TOWN OF OYSTER BAY, Respondent-Appellant, and RESIDENTIAL FENCES CORP., Appellant-Respondent. [778 NYS2d 75]—

In an action to recover damages for personal injuries, etc., the defendant Residential Fences Corp. appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 3, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and the defendant Town of Oyster Bay cross appeals from so much of the same order as denied its cross motion for

summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Residential Fences Corp. for summary judgment and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements, the complaint and all cross claims insofar as asserted against that defendant are dismissed and the action against the remaining defendant is severed.

The plaintiff Lucille Posner Varon was injured while rollerblading through John J. Burns Park (hereinafter the Park) when a rock became lodged in one of her roller blades, causing her to fall into a nearby fence. The plaintiff struck her face on a metal tie-wire that was protruding upward from the fence. The defendant Town of Oyster Bay owned the Park and the defendant Residential Fences Corp. (hereinafter RFC) installed the fence approximately six years before the accident.

The injured plaintiff and her husband commenced this action, alleging that RFC negligently installed the fence and that the Town negligently maintained it. RFC and the Town moved and cross-moved, respectively, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion and the cross motion finding triable issues of fact regarding whether RFC negligently installed the fence, thereby creating the allegedly defective condition, and whether the Town had notice of the alleged defect.

RFC established its prima facie entitlement to judgment as a matter of law by demonstrating that it was standard procedure for its installers to inspect the fences they installed for protruding tie-wires at the time of installation. RFC also demonstrated that after the installation, the Town performed a final inspection, after which the Town assumed all responsibility for the fence's subsequent inspection and maintenance. In opposition, no triable issue of fact was raised (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted RFC's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

However, the Supreme Court properly denied the Town's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, since there is a triable issue of fact as to whether the Town was negligent in its inspection and maintenance of the fence (*see Pittel v Town of*

*Hempstead,* 154 AD2d 581, 583 [1989]; *Monroe v City of New York,* 67 AD2d 89, 96 [1979]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.