█ FORTUNATO D. BRIGA, Appellant, v TOWN OF BINGHAMTON, Respondent. [778 NYS2d 545]—

Rose, J. Appeal from an order of the Supreme Court (Lebous, J.), entered March 28, 2003 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that on May 19, 2000, defendant's failure to properly inspect and maintain its sanitary sewer system caused a backup of raw sewage and property damage in plaintiff's home. Finding no issue of fact, Supreme Court granted defendant's motion for summary judgment and dismissed the complaint, prompting this appeal by plaintiff.

In support of its motion for summary judgment, defendant submitted the affidavits of several of its employees, including the person in charge of maintaining the sewer system and the

town engineer. These affidavits met defendant's initial burden on the motion of showing the absence of negligence. In response, plaintiff failed to raise an issue of fact as to whether the sewer backup that damaged his property was the result of defendant's negligence, inasmuch as the evidence established only that the sewer system backed up due to an unknown obstruction. "Rather, an owner must show that the municipality either affirmatively breached a duty owed or that it was actively negligent and the negligence caused the flooding" (*Biernacki v Village of Ravena,* 245 AD2d 656, 657 [1997] [citation omitted]; *see Tang v Village of Geneseo,* 303 AD2d 987, 987 [2003]).

Plaintiff offered only his own speculation that defendant's work in cleaning the sewer line 18 days earlier or installing new water lines in the area somehow caused the obstruction in the sewer line. Since the line had been recently cleaned, it is significant that plaintiff offered no proof of a causal connection between defendant's alleged failure to have a written policy or regular schedule for inspection and maintenance of its sewer lines. Nor do we find the deposition testimony of Lee Cooper, who was then a laborer in defendant's water and sewer department, to be inconsistent with his later affidavits in relation to the issue of routine maintenance. Cooper consistently related that although not done pursuant to a written policy or on a prearranged schedule, defendant routinely inspects and cleans all of its sewer lines with extra attention to areas that have had backups. Since the undisputed evidence was that regular maintenance was being performed and plaintiff cited no standard of care requiring more than that, there was no material issue of fact raised as to whether any failure on defendant's part caused the backup into plaintiff's home (*see Biernacki v Village of Ravena, supra* at 657; *cf. Pet Prods. v City of Yonkers,* 290 AD2d 546, 547 [2002]).

Plaintiff further relies on an admission allegedly made by Cooper at the time of the incident. Plaintiff claims that Cooper stated that defendant was responsible for the sewer line backup and its insurance company would reimburse plaintiff for the damage. Cooper denies making these statements, conceding only that he might have said that the blockage was within defendant's lines, rather than plaintiff's, and that defendant would take responsibility for clearing it. In any event, since there is no evidence that Cooper was authorized to speak on defendant's behalf, his statements are insufficient to defeat defendant's motion (*see Laguesse v Storytown U.S.A.,* 296 AD2d 798, 800 [2002]; *Fontana v Fortunoff,* 246 AD2d 626, 626 [1998], *lv denied* 92 NY2d 804 [1998]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.