■ HOLY TEMPLE FIRST CHURCH OF GOD IN CHRIST, Appellant, v CITY OF HUDSON, Respondent. [794 NYS2d 465]—

Mugglin, J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 14, 2003 in Columbia County, which granted defendant's motion to dismiss the complaint at the close of plaintiff's case.

In July 1998, plaintiff complained to defendant that water, contaminated with sewage, was entering the basement of its church. Despite defendant's extensive efforts to locate the source and eradicate the problem, no final resolution occurred until following the commencement of this negligence action. At a nonjury trial, Supreme Court granted defendant's motion for a directed verdict (see CPLR 4401) at the conclusion of plaintiff's case and plaintiff now appeals.

Upon reviewing the record, we are unpersuaded that Supreme Court's ruling should be disturbed. "[A] court may grant a motion for a directed verdict where, based on the evidence presented, there is no rational process by which [the trier of fact] could find for the nonmoving party" (Clemente v Impastato, 274 AD2d 771, 773 [2000]). To be entitled to judgment as a matter of law pursuant to CPLR 4401, the moving party has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff and affording the plaintiff the benefit of every inference which may properly be drawn from the facts, the plaintiff has not made out a prima facie case (see Calafiore v Kiley, 303 AD2d 816, 817 [2003]). In order to present a prima facie case here, plaintiff was obligated to present evidence establishing "that the municipality either affirmatively breached a duty owed or that it was actively negligent and the negligence caused the flooding" (Biernacki v Village of Ravena, 245 AD2d 656, 657 [1997]; see Briga v Town of Binghamton, 8 AD3d 874 [2004]; Hongach v City of New York, 8 AD3d 622 [2004]; Chi-Ming Tang v Village of Geneseo, 303 AD2d 987 [2003]). A municipality can be held liable for negligent maintenance of its system if, first, it has received "notice of a dangerous condition or has reason to believe that the pipes have shifted or deteriorated and are likely to cause injury," second, it has ne-

glected to "make reasonable efforts to inspect and repair the defect," and, third, such neglect has caused an injury to plaintiff (*De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]).

With respect to the first element of notice of a dangerous condition, we agree with Supreme Court that the first notice that defendant had of the sewer line problem affecting plaintiff's property occurred in July 1998 when the church basement flooded. Plaintiff's reliance on a prior complaint by Frank Nero and Edna Nero is misplaced. Plaintiff's property is situate on Sixth Street in the City of Hudson, Columbia County, and is bordered by Rope Alley on one side and the Nero premises on the opposite side. Embedded in Sixth Street is a 30-inch diameter sewer constructed of two layers of brick, encased in clay. A similar sewer line is embedded in Rope Alley parallel to and approximately 20 feet from the church foundation. We agree with Supreme Court that a complaint by the Neros that clear water was entering their basement in 1997 gave no notice to defendant of a sewer line leak in Rope Alley at that time. We also agree with Supreme Court that defendant made reasonable efforts to inspect and repair the Nero defect.

The record reveals that following the initial receipt of notice of the problem in July 1998, defendant undertook extensive efforts to locate and eradicate the problem. These efforts included dye testing the sewer system in Rope Alley beside the church, conducting a camera study of the same sewer system and eventually excavating the sewer pipe on at least two occasions. Although the dye tests were negative, the camera study and eventual excavation revealed sources of leaks from the sewer system which were repaired immediately after discovery. Upon excavation, defendant discovered a previously unknown laid-up stone structure which ran from the area of the sewer line in Rope Alley, underneath the church property, and acted as a conduit for water and/or sewage to travel to the church basement. Although defendant pumped grout into the alley end of this stone structure, the church did not allow defendant to enter upon its property to seal the rest of this structure until after commencement of this action. Notably, defendant's actions completely stopped plaintiff's water/sewage infiltration problem. Plaintiff submitted no expert testimony tending to demonstrate that defendant did not take all reasonable steps to ascertain the source of the problem and to correct it. Likewise, plaintiff failed to offer any evidence regarding defendant's policies with respect to maintenance of the sewer system or any standard of care that defendant may have breached (*see Hongach v City of New*

*York*, 8 AD3d 622 [2004], *supra*; *Chi-Ming Tang v Village of Geneseo*, 303 AD2d 987 [2003], *supra*). The mere fact that contaminated water escaped from defendant's sewer system and found its way into plaintiff's basement is insufficient to establish that defendant was negligent as a matter of law (*see Briga v Town of Binghamton*, 8 AD3d 874, 875 [2004], *supra*). Accordingly, we conclude that after viewing the evidence in the light most favorable to plaintiff, Supreme Court correctly determined that there was no evidence upon which a verdict in favor of plaintiff could have been rendered.

Lastly, as plaintiff failed to assert the doctrine of res ipsa loquitur in its complaint or any time before the trial court, this theory of recovery is not properly before us (*see De Luke v State of New York*, 169 AD2d 916, 919 [1991]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.