■ Ayres Memorial Animal Shelter, Inc., Appellant, v Montgomery County Society for the Prevention of Cruelty to Animals, Respondent. [828 NYS2d 726]—

Mercure, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered February 8, 2006 in Montgomery County, upon a dismissal of the complaint at the close of plaintiff's case.

Pursuant to a contract with the Town of Root, Montgomery County, plaintiff was required to shelter animals seized within

the Town. Following the issuance of a warrant to the Montgomery County Sheriff's Department and seizure of animals from a Town residence in November 2001, approximately 20 animals were transported to plaintiff's animal shelter facility. Defendant, which participated in the raid, denied plaintiff's subsequent requests to either take some of the animals or reimburse plaintiff for their care.* Plaintiff then commenced this action in June 2003, seeking reimbursement for the expenses incurred in caring for the animals, which continued to be housed at its facility. The action proceeded to trial and, at the close of plaintiff's case, Supreme Court granted defendant's motion for a directed verdict. Plaintiff appeals and we now affirm.

Plaintiff asserts that Supreme Court improperly interpreted Agriculture and Markets Law § 373 (4) as authorizing reimbursement only from the owners of the seized animals, rather than defendant. Agriculture and Markets Law § 373 authorizes police officers and societies for the prevention of cruelty to animals to seize animals from premises upon the issuance of a valid warrant where the animals have been kept in unhealthy or unsanitary conditions "or not properly cared for or without necessary sustenance, food or drink" (Agriculture and Markets Law § 373 [2]; *see Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue*, 255 AD2d 705, 706 [1998]). Subdivision (4) provides: "When any person arrested is, at the time of such arrest, in charge of any animal . . . any agent or officer of said society or societies or any police officer may take charge of such animal . . . and deposit the same in a safe place or custody, or deliver the same into the possession of the police or sheriff of the county or place wherein such arrest was made, who shall thereupon assume the custody thereof; and all necessary expenses incurred in taking charge of such property shall be a charge thereon" (Agriculture and Markets Law § 373 [4]). Plaintiff argues that the language "shall be a charge thereon" refers to the society or police department that organized the seizure, and that this section provides the agency that assumes custody with a cause of action against the organizers. Construing the ordinance as a whole and considering its various sections together (*see Matter of Notre Dame Leasing v Rosario*, 2 NY3d 459, 464 [2004]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 97), however, we agree with Supreme Court that the statute permits plaintiff to recover only against the "person arrested [who] is . . . in charge of any animal" seized (Agriculture and Markets Law § 373 [4]).

---

* In a criminal proceeding against the owners of the animals, plaintiff was awarded $25,000 in restitution.

In our view, subdivision (4) must be read in conjunction with subdivision (6) of Agriculture and Markets Law § 373, which provides the mechanism whereby an "impounding organization" may seek reimbursement for the cost of caring for the seized animals. Specifically, subdivision (6) states that the "impounding organization . . . may file a petition with the court requesting that the person from whom an animal is seized or the owner of the animal be ordered to post a security" (Agriculture and Markets Law § 373 [6] [a] [internal quotation marks omitted]). Reading subdivisions (4) and (6) together, it is evident that the Legislature intended that the owner or person in charge of the seized animals be responsible for reimbursing the agency that assumes custody and, indeed, the Legislature expressly provided a mechanism to achieve that end. Accordingly, even viewing the evidence in a light most favorable to plaintiff and assuming that defendant organized the seizure, "there is no rational process by which the fact trier could base a finding in favor of" plaintiff, and, thus, Supreme Court properly granted defendant a directed verdict (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947 [2005]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.