■ RAYMOND HOLMES, SR., et al., Appellants, v INCORPORATED VILLAGE OF PIERMONT et al., Respondents, et al., Defendant. [863 NYS2d 774]—

In an action to recover damages for injury to property, the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered August 31, 2006, and (2) a resettled judgment of the same court entered September 7, 2006, which, upon an order of the same court dated August 11, 2006, inter alia, granting the separate motions of the defendants Incorporated Village of Piermont and Town of Orangetown for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the resettled judgment; and it is further;

Ordered that the resettled judgment is reversed, on the law, the separate motions of the defendants Town of Orangetown and Incorporated Village of Piermont are denied, the complaint is reinstated insofar as asserted against those defendants, the judgment is vacated, and the order is modified accordingly; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff homeowners commenced this action seeking to recover damages caused by flooding on their properties during Tropical Storm Floyd (hereinafter TS Floyd) on September 16, 1999. The plaintiffs' homes are located downhill from the Erie Path, a former railroad bed running parallel to the Hudson River that is now used as a public park. The Erie Path contains a storm water drainage system consisting of a culvert and drains to allow surface water to drain into the Hudson River (hereinafter the storm drainage system). The Nyack Trunk Sewer line (hereinafter the sewer line) runs directly underneath the Erie Path. The plaintiffs claimed, inter alia, that the defendant Town of Orangetown and the defendant Incorporated Village of Piermont negligently designed and maintained the storm drain-

age system and the sewer line. The plaintiffs further claimed that the Town negligently and deliberately closed pumps on the sewer trunk during TS Floyd, thereby causing sewage to flow onto their properties. The respondents separately moved for summary judgment dismissing the complaint insofar as asserted against them. Upon an order, inter alia, granting the motions, the Supreme Court dismissed the complaint insofar as asserted against the respondents. We reverse.

Both of the respondents are entitled to immunity from liability arising out of claims that they negligently designed the storm drainage system and the sewer line (*see Seifert v City of Brooklyn,* 101 NY 136, 144-145 [1886]; *Urquhart v City of Ogdensburg,* 91 NY 67, 71 [1883]; *Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d 781, 783 [2004]). However, the Supreme Court erred in granting the respondents' motions for summary judgment dismissing the complaint against them based on theories of negligent inspection and maintenance of the storm drainage system and sewer line, respectively (*see Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d at 783). Neither the Town nor the Village established, as a matter of law, that they did not negligently inspect and maintain the sewer line or the storm drainage system. To recover under these theories, the plaintiffs must demonstrate that the municipality had "notice of a dangerous condition or has reason to believe that the pipes have shifted or deteriorated and are likely to cause injury," that the municipality failed to "make reasonable efforts to inspect and repair the defect," and that such failure caused the plaintiffs' injuries (*De Witt Props. v City of New York,* 44 NY2d 417, 423-424 [1978]; *see Holy Temple First Church of God in Christ v City of Hudson,* 17 AD3d 947, 947-948 [2005]).

The Village failed to submit any evidence that it had inspected the storm drainage system for obstructions more recently than two years prior to TS Floyd. Further, the Village employee who had conducted the last such inspection recalled that over the years, based only on his visual inspections of the storm drainage system, he had discovered and removed obstructions about 10 times. Moreover, the plaintiff Bryant Holmes testified at his deposition that, during TS Floyd, he saw obstructed storm drains along the Erie Path, which caused water to overflow the Erie Path and flow toward his and the other plaintiffs' properties. Accordingly, the Village failed to establish, prima facie, that it did not negligently maintain and inspect the storm drainage system prior to TS Floyd (*see De Witt Props. v City of New York,* 44 NY2d at 423-424; *Varon v Town of Oyster Bay,* 8 AD3d 365

[2004]; *Storch v Town of Cornwall,* 294 AD2d 426 [2002]; *Pet Prods. v City of Yonkers,* 290 AD2d 546 [2002]).

The Town also failed to establish prima facie that it did not negligently maintain the sewer line. An engineering report, commissioned by the Town and issued approximately 16 days prior to TS Floyd, concluded in pertinent part that the "entire [sewer] line is in a seriously deteriorated condition" and required replacement. The Town's Director of Department of Environmental Management and Engineering Robert J. Beckerle testified at a deposition that the sewer line had collapsed twice in the four years prior to TS Floyd and in light of the engineering report, he had serious concerns about the possibility of a major collapse of the sewer line. Nevertheless, there is no evidence that the Town inspected the sewer line between the issuance of the engineering report and TS Floyd (*see Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d 781 [2004]). Further, even if Beckerle's testimony that, after TS Floyd, he saw no sewage leaking from the sewer line, established that any negligent maintenance by the Town did not proximately cause the plaintiffs' injuries, the plaintiffs raised a triable issue of fact on that issue through the testimony of the plaintiff Bryant Holmes that he saw sewage and toilet paper in the driveway of his neighbors' property during TS Floyd. In addition, issues of fact remain as to whether the Town negligently shut down its sewer pumps during TS Floyd, and whether such an act caused the sewer line to back up sewage onto the plaintiffs' properties (*see Moses Taylor Jr. Post, No. 136, Am. Legion v Selective Ins. Co. of N.Y.,* 300 AD2d 371, 372 [2002]).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.