ANDRE J. DESROSIERS et al., Respondents, v COUNTY OF ERIE et al., Appellants. [912 NYS2d 823]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered July 23, 2009. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages they sustained as the result of a sewage backup on their property, allegedly caused by defendants' failure to clean, maintain and operate its sewer system in a proper manner. Employees of defendant County of Erie (County) performed routine maintenance of the main sewer line near plaintiffs' home, using a hydraulic flushing unit to flush out the sewer line. The hose

of the flushing unit was inserted into the main sewer line through a manhole near the home. The County then "flush[ed] upstream, up against the flow of the sewer, to the next manhole," and any debris in the main sewer line was pulled back toward the manhole. The following day, plaintiffs' daughter discovered approximately one foot of sewage in the basement of plaintiffs' home and notified the County. Upon returning to the property, the County found no evidence of an obstruction in the main sewer line. Nevertheless, the County again flushed the sewer line upstream and downstream of plaintiffs' home as a precautionary measure.

We conclude that Supreme Court properly denied defendants' motion for summary judgment dismissing the amended complaint. Defendants met their initial burden on the motion by submitting the deposition testimony and affidavits of County employees establishing that, upon completion of the County's routine maintenance near plaintiffs' home, the main sewer line was flowing properly with no evidence of an obstruction (*see Briga v Town of Binghamton*, 8 AD3d 874, 874-875 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Further, when the County employees returned to the property the following day, they sprayed water into the lateral line on plaintiffs' property and did not observe any water flowing into the main sewer line from the lateral line. The County's Sanitary Engineer stated in an affidavit that such a result indicated that the blockage that caused the sewer backup was in the lateral line, which is plaintiffs' responsibility to maintain.

In opposition to the motion, however, plaintiffs raised a triable issue of fact whether the sewer backup that damaged their property was the result of defendants' negligence (*see generally Zuckerman*, 49 NY2d at 562; *cf. Briga*, 8 AD3d at 875). Plaintiff Andre J. DesRosiers testified at his deposition that he never had any problems with flooding in the basement prior to the time when the County performed the maintenance in question, and plaintiffs' daughter testified at her deposition that she discovered sewage in the basement the day after the County flushed the sewer system. Further, plaintiffs' plumber testified at his deposition that, when he removed the manhole cover in front of plaintiffs' home on the day after the County flushed the sewer system, he discovered that the main sewer line, not the lateral line, was blocked. The plumber stated that the main sewer line could have become blocked after it had been flushed uphill from the manhole in front of plaintiffs' home. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.