In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, J.), dated September 23, 2011, as granted those branches of the separate motions of the defendants Town of Clarkstown and Lake Lucille Property Owners Association, Inc., and the cross motion of the defendant Lake Lucille Community Association, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied their cross motion for summary judgment on the issue of liability against the defendant Town of Clarkstown on the first cause of action.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs are the owners of real property located in the Town of Clarkstown, which contains a pond that is fed by a tributary that flows from the west, through Lake Lucille and its dam, into the pond, then into the Hackensack River to the east. According to the complaint, Lake Lucille Community Association, Inc. (hereinafter LLCA), is the owner of the real property upon which Lake Lucille is situated, and Lake Lucille Property Owners Association, Inc. (hereinafter LLPOA), is responsible for the maintenance, repair, and/or operation of the dam and sluice gate on Lake Lucille. The plaintiffs commenced this action against, among others, the Town, LLCA, and LLPOA, alleging, inter alia, that the Town negligently designed and maintained a storm drainage system that diverts, channels, and discharges storm water runoff onto the plaintiffs’ property, and that LLCA and LLPOA negligently maintained the Lake Lucille dam, causing sediment to be deposited into the plaintiffs’ pond.
*866 The Supreme Court properly granted that branch of the Town’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. The Town is immune from liability arising out of the claim that it negligently designed the storm drainage system (see Carbonaro v Town of N. Hempstead, 97 AD3d 624, 624-625 [2012]; Papadopoulos v Town of N. Hempstead, 84 AD3d 768 [2011]; Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d 781, 782 [2004]). While the Town is not immune from liability arising out of the claim that it negligently maintained the storm drainage system (see De Witt Props. v City of New York, 44 NY2d 417, 423-424 [1978]; Carbonaro v Town of N. Hempstead, 97 AD3d at 625; Papadopoulos v Town of N. Hempstead, 84 AD3d at 768), the Town established, prima facie, that it was not negligent in the maintenance of that system and, in opposition, the plaintiffs failed to raise a triable issue of fact (see Papadopoulos v Town of N. Hempstead, 84 AD3d at 768-769; Azizi v Village of Croton-on-Hudson, 79 AD3d 953, 955 [2010]; Holy Temple First Church of God in Christ v City of Hudson, 17 AD3d 947 [2005]).
The Supreme Court also properly granted those branches of the motion of LLPOA, and the cross motion of LLCA, which were for summary judgment dismissing the complaint insofar as asserted against each of them. LLPOA and LLCA (hereinafter together the Lake defendants) established their entitlement to summary judgment by submitting evidence that sediment flows through Lake Lucille naturally, and that the sediment falls to the bottom of the lake before reaching the dam separating the lake from the tributary leading to the plaintiffs’ pond. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Lake defendants negligently caused sediment to be deposited into their pond. The affidavit of the plaintiffs’ expert, in which he opined that the existence of accumulated silt and sediment in Lake Lucille caused an increased amount of silt and sediment to be discharged to the plaintiffs’ pond, was conclusory and speculative, and was properly accorded no evidentiary weight (see Dmytryszyn v Herschman, 98 AD3d 715, 716 [2012]; Fotiatis v Cambridge Hall Tenants Corp., 70 AD3d 631, 632 [2010]; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558 [2009]).
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.