In an action to recover damages for personal injuries and injury to property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Tolbert, J), entered June 29, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The complaint in this action alleges that, in March 2007, a storm water pipe owned by the defendants burst, causing water to enter the plaintiffs’ property. The water allegedly caused extensive damage, and exposed the plaintiffs to dangerous mold and fungi. The defendants moved for summary judgment dismissing the complaint, asserting, among other things, that there was no evidence that they owned the pipe, which did not appear on any of the defendants’ records or maps, and that they had no notice of a dangerous or defective condition or reason to believe that the subject pipe had shifted or deteriorated and was likely to cause injury. The Supreme Court granted the defendants’ motion, concluding that there was no evidence to establish that the defendants owned or installed the subject pipe, and that, in opposition to the defendants’ establishment of their prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. We affirm, but on a ground different from that relied upon by the Supreme Court.
“A municipality is immune from liability ‘arising out of claims that it negligently designed [a] sewerage system’ or storm drainage system” (Carbonaro v Town of N. Hempstead, 97 AD3d 624, 624-625 [2012], quoting Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d 781, 782 [2004]; see Fireman’s Fund Ins. Co. v County of Nassau, 66 AD3d 823, 824 [2009]). However, a municipality is not immune from liability arising out of claims that it negligently maintained its storm drainage system (see De Witt Props. v City of New York, 44 NY2d 417, 423-424 [1978]; Zarlin v Town of Clarkstown, 102 AD3d 865, 866 [2013]; Carbonaro v Town of N. Hempstead, 97 AD3d at 625; Moore v City of Yonkers, 54 AD3d 397 [2008]; Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d at 782; Biernacki v Village of *849 Ravena, 245 AD2d 656, 657 [1997]). For the plaintiffs to recover under a theory of negligent inspection or maintenance of the storm drainage system, the plaintiffs must demonstrate that the defendants had “ ‘notice of a dangerous condition or ha[d] reason to believe that the pipes ha[d] shifted or deteriorated and [were] likely to cause injury,’ that the [defendants] failed to ‘make reasonable efforts to inspect and repair the defect,’ and that such failure caused the plaintiffs’ injuries” (Holmes v Incorporated Vil. of Piermont, 54 AD3d 809, 811 [2008], quoting De Witt Props. v City of New York, 44 NY2d at 424; see Holy Temple First Church of God in Christ v City of Hudson, 17 AD3d 947, 947-948 [2005]).
Contrary to the Supreme Court’s determination, the defendants did not satisfy their prima facie burden of eliminating all triable issues of fact as to whether they owned the subject pipe (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). However, the defendants did demonstrate, prima facie, that they had no notice of any dangerous condition related to the subject pipe and no reason to believe the pipe had shifted or deteriorated and was likely to cause injury (see generally De Witt Props. v City of New York, 44 NY2d at 423-424; Holmes v Incorporated Vil. of Piermont, 54 AD3d at 811; Holy Temple First Church of God in Christ v City of Hudson, 17 AD3d at 947-948). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The plaintiffs’ remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.E, Dickerson, Leventhal and Roman, JJ., concur.