*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 2, 2016          521650
_____

RICHARD A. WATT et al.,
             Respondents,

      v                          MEMORANDUM AND ORDER

COUNTY OF ALBANY,
             Appellant.
_____

Calendar Date: March 22, 2016

Before: Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____

      Daniel Lynch, County Attorney, Albany (Kevin Cannizzaro of counsel), for appellant.

      Dwyer & Dwyer, Loudonville (Colin D. Dwyer of counsel), for respondents.

_____

Rose, J.

      Appeal from an order of the Supreme Court (McNamara, J.), entered October 23, 2014 in Albany County, which denied defendant's motion for summary judgment.

      In the summer of 2011, torrential rainfall caused by a hurricane overwhelmed a roadside drainage ditch owned and maintained by defendant. The overflow crossed over the surface of the crowned pavement of the roadway to the opposite side and ran down a slope toward plaintiffs' home where it flooded the basement and damaged their real and personal property. Plaintiffs later commenced this action, alleging that the flooding and resulting property damage were proximately caused by defendant's negligent failure to provide proper drainage and to properly maintain the existing drainage ditch. Depositions were

held and defendant thereafter moved for summary judgment dismissing the complaint.  Supreme Court denied the motion, and we now reverse.

Plaintiffs do not claim that defendant constructed the drainage system so as to direct water onto their property.  Nor do their pleadings allege that the roadway itself was designed so as to create the problem.  Instead, plaintiffs allege that the drainage is simply inadequate and that certain improvements to the design of the system – including the implementation of a costly plan to blast through bedrock to deepen the drainage ditch – are necessary.  However, to the extent that plaintiffs' negligence claim alleges that defendant failed to adequately design or redesign the drainage system, it cannot be maintained.  Decisions "'determining when and where [drainage ditches] shall be built, of what size and at what level, are of a quasi judicial nature, involving the exercise of deliberate judgment and large discretion . . . [which] is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land'" (Biernacki v Village of Ravena, 245 AD2d 656, 657 [1997], quoting Johnston v District of Columbia, 118 US 19, 20-21 [1886]; see Bilotta v Town of Harrison, 106 AD3d 848, 848 [2013]).

The act of maintaining a drainage system, on the other hand, is ministerial in nature and, thus, governmental immunity will not insulate defendant from plaintiffs' alternative claim that it did so negligently (see Carbonaro v Town of N. Hempstead, 97 AD3d 624, 625 [2012]; Papadopoulos v Town of N. Hempstead, 84 AD3d 768, 768 [2011]; Biernacki v Village of Ravena, 245 AD2d at 657).  "Nonetheless, [defendant] is not an insurer of its [drainage] system and cannot be held liable for injury unless it is shown that the injury was caused by active negligence in the maintenance of the system" (Azizi v Village of Croton-on-Hudson, 79 AD3d 953, 954 [2010]; see De Witt Props. v City of New York, 44 NY2d 417, 424 [1978]; Holy Temple First Church of God in Christ v City of Hudson, 17 AD3d 947, 947-948 [2005]).

In support of its motion, defendant satisfied its initial burden of establishing that it made reasonable efforts to inspect and maintain its drainage system, primarily through the

submission of deposition testimony from plaintiff Richard A. Watt and Robert Tanner, defendant's assistant director of highway operations. Watt testified that, between 1999 and the 2011 weather event that gave rise to this action, overflow from the drainage ditch in question caused his property to flood on three separate occasions. Watt admitted that, when he contacted defendant's highway department about these events, defendant's regular response was to send a crew to clean out and attempt to widen the ditch. Indeed, Watt explicitly stated that the highway department was of "good assistance" and "seemed to be doing everything [it] could possibly do" to address the drainage issue. Tanner corroborated Watt's testimony regarding defendant's responsiveness to plaintiffs' concerns, and he testified that the flooding resulted from a combination of torrential rainfall and the low-lying topography of plaintiffs' property. He further stated that, in 2010, defendant had taken the additional step of regrading a portion of plaintiffs' property in an effort to ameliorate the problem.

In response, plaintiffs offered no other evidence and failed to raise a triable issue of fact as to whether defendant "ma[de] reasonable efforts to inspect and repair the defect" (De Witt Props. v City of New York, 44 NY2d at 424; see Carbonaro v Town of N. Hempstead, 97 AD3d at 625; Briga v Town of Binghamton, 8 AD3d 874, 875 [2004]; Chi-Ming Tang v Village of Geneseo, 303 AD2d 987, 987 [2003]). Thus, we find that reversal of Supreme Court's order is required, and defendant is entitled to summary judgment dismissing the complaint.

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court