■     In the Matter of ABRAHAM LEVINE.— Application by a suspended attorney, whose period of suspension has expired, for reinstatement to the Bar, referred to the Committee on Character and Fitness of the Second Judicial District for investigation as to applicant's activities and conduct since his suspension, and for a report setting forth its findings and recommendation. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■     DAVID CORDARO, an Infant, by His Guardian ad Litem, EDNA CORDARO, et al., Respondents, v. UNION FREE SCHOOL DISTRICT NUMBER 22, FARMINGDALE, Appellant.— Motion by respondents for leave to appeal to the Court of Appeals from a judgment entered May 11, 1962, in the District Court of Nassau County upon the decision and order of this court made on October 23, 1961. Previously, on December 4, 1961, before the entry of such judgment, leave to appeal to the Court of Appeals from *the order* of this court had been granted. Leave is now sought to appeal from the judgment subsequently entered. Motion granted. Pursuant to statute (Civ. Prac. Act, § 589, subd. 4, par. [a]), we certify that questions of law have arisen which in our opinion ought to be reviewed by the Court of Appeals. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■     EVELYN E. SHEA, Respondent, v. H. GREGORY SHEA, Appellant.— Motion by appellant for a stay, pending appeal, denied. Motion by respondent to dismiss appeal, denied with leave to renew on the argument of the appeal. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■     In the Matter of FEINGOLD ELECTRIC INC., Respondent, v. KINSOR CONSTRUCTION CORP. et al., Appellants.— In a proceeding pursuant to section 76 of the Lien Law to vacate respondent's demand for an examination of the books and records of the appellants as trustees, appellants move to stay the order denying their application and directing the examination to proceed. Motion granted on condition that, within 20 days after entry of the order hereon, appellants shall file and serve an undertaking for $20,000, with corporate surety, to make good for any loss, waste, diversion or conversion of the assets of the trusts existing under article 3-A (§§ 70–79) of the Lien Law, with respect to which the appellants are trustees. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■     CAROLINE C. BECK et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action to recover damages due to the flooding of plaintiffs' land and dwellings, alleged to have been caused by the negligence of the defendant, City of New York, in constructing and maintaining an inadequate and defective sewer system, the 122 plaintiffs appeal from a judgment of the Supreme Court, Queens County, dated May 5, 1960, which dismissed the complaint upon the decision of the court after a nonjury trial (see 23 Misc 2d 1036). Judgment affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.