■ ANTONIA VALLE, Respondent, v LUIS A. VALLE, Appellant. — In an action for divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Quinn, J.), dated November 3, 1980, as awarded plaintiff $75 per week temporary alimony and child support, and directed him to pay certain expenses of the marital home and the sum of $750 as a counsel fee. Order modified (1) by deleting the provision awarding plaintiff $75 per week for temporary alimony and child support, and substituting a provision awarding the sum of $25 per week for child support and denying plaintiff's request for alimony; (2) by amending clause numbered "(2)" so as to provide that the defendant is directed to pay interest and amortization on the mortgage, taxes, insurance and utilities for the marital residence; and (3) by deleting the award of a counsel fee and substituting a provision that an award of a counsel fee *pendente lite* is reserved and referred to the trial court. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The parties are directed to expeditiously complete all pretrial disclosure proceedings and upon the filing of a note of issue by either party, this action shall be placed on the Ready Trial Calendar, Matrimonial Part, for the trial term immediately following the date of filing of a note of issue (see Domestic Relations Law, § 249). There has been no showing of need by the plaintiff, who is employed with net weekly earnings of $175. We note that defendant's weekly net earnings are $280, of which, by order of the court, he expends a sum in excess of $110 weekly for maintenance of the marital residence, in addition to child support. Rabin, J.P., Gulotta, Cohalan and Bracken, JJ., concur.

■ VANGUARD TOURS, INC., Respondent, v TOWN OF YORKTOWN, Appellant. — In an action to recover damages for injuries to plaintiff's property, defendant appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), dated September 19, 1980, which, after a nonjury trial, awarded plaintiff the principal sum of $36,000. Judgment reversed, on the law, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. The findings of fact with respect to defendant's liability are affirmed. The trial court properly found that plaintiff suffered water damage as a result of defendant's failure to adequately maintain the crown on Front Street. Since a municipality is obligated to exercise ordinary care in maintaining its streets and drainage system, plaintiff is entitled to recover the damages caused by this failure (cf. *Beck v City of New York,* 23 Misc 2d 1036, affd 16 AD2d 809; *Urquhart v City of Ogdensburg,* 91 NY 67). While the trial court properly found that plaintiff also suffered water damage as a result of defendant's failure to install an adequate drainage system, it improperly concluded that such a failure is actionable. The law is clear that a municipality is not liable for its failure to install a drainage system which adequately disposes of surface waters (see *Beck v City of New York, supra; Geiger v City of New York,* 141 NYS2d 667). Since the court did not apportion the damages, further proceedings are necessary to determine the damages caused by the failure to maintain the crown on Front Street. Hopkins, J.P., Rabin, Margett and Bracken, JJ., concur.