■ STANLEY A. BIERNACKI et al., Respondents, v VILLAGE OF RAVENA, Appellant. [664 NYS2d 682] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 16, 1997 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs, the owners of an apartment building in the Village of Ravena, Albany County, brought this action to recover for damages allegedly sustained as the result of defendant's negligent design, construction, maintenance or repair of its sanitary and storm sewer system, causing an overflow of "its filthy and noxious contents into plaintiffs' basement" during periods of severe and protracted rain. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

Because we conclude that Supreme Court erred in denying defendant's summary judgment motion, we are constrained to reverse. Initially, we note that the evidence adduced on the

motion, including the deposition testimony of plaintiff Stanley A. Biernacki, fails to disclose any instance where the contents of the sanitary sewer were actually discharged into plaintiffs' basement. To the contrary, Biernacki testified that, prior to the installation of a check valve in 1993, sewer contents would occasionally be discharged outdoors through a sewer vent and that, since installation of the check valve, there have been no discharges at all. As developed on the motion for summary judgment, plaintiffs' actual claim relates to an influx of rain water through their basement floor and walls during periods of severe and protracted rain such that the municipal storm sewers are overwhelmed and the area surrounding plaintiffs' building is filled with standing water, a condition which has occurred from time to time for a great many years. In that connection, defendant presented competent evidence of a history of flooding problems in the area of plaintiffs' property dating back to 1930.

It is fundamental law that: "The duties of the municipal authorities, in adopting a general plan of drainage, and determining when and where sewers shall be built, of what size and at what level, are of a *quasi* judicial nature, involving the exercise of deliberate judgment and large discretion * * * [which] is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land. But the construction and repair of sewers, according to the general plan so adopted, are simply ministerial duties; and for any negligence in so constructing a sewer, or keeping it in repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured" (*Johnston v District of Columbia*, 118 US 19, 20-21; *see, Seifert v City of Brooklyn*, 101 NY 136, 145-146; *Vanguard Tours v Town of Yorktown*, 83 AD2d 866). As such, the mere happening of an event such as the flooding alleged by plaintiffs is insufficient to meet an owner's burden of proof as to the municipality's negligence (*see, O'Donnell v City of Syracuse*, 184 NY 1; *Smith v Mayor of City of N. Y.*, 66 NY 295; *Beck v City of New York*, 23 Misc 2d 1036, 1039, *affd* 16 AD2d 809). Rather, an owner must show that the municipality either affirmatively breached a duty owed or that it was actively negligent and the negligence caused the flooding (*see, e.g., Seifert v City of Brooklyn, supra*). We conclude that no such showing was made in this case.

In their papers, plaintiffs suggest that defendant was negligent (1) in failing to maintain the storm sewer system (particularly a pipe running under plaintiffs' basement floor),

(2) in failing to prevent landowners from diverting rain water into the sanitary sewer system by means of sump pumps and roof leaders, and (3) in permitting newly developed properties to add on to the system. However, plaintiffs offered no competent evidence to support these theories (*see, Smith v Mayor of City of N. Y., supra*). Significantly, they engaged no expert to conduct the necessary inspections and analysis and to formulate an opinion as to the cause of the flooding in their basement. Rather, they attempted to raise a factual issue through Biernacki's own lay testimony, comprised primarily of speculation that the water emanates from the pipe beneath his concrete basement floor. Their evidentiary showing was patently deficient and the motion should have been granted on that basis.

We have considered the parties' remaining contentions and find them to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.