■ WILLIAM SULLIVAN et al., Respondents, v MAIN LINE ELECTRIC COMPANY, Defendant, and NORBERTO AND SONS, INC., Appellant. [754 NYS2d 51] —In an action to recover damages for personal injuries, etc., the defendant Norberto and Sons, Inc., appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated May 7, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff worked as a "pool engineer" at Montauk Downs State Park, and one of his duties was to maintain the pool filter and pump. He alleges that on July 24, 1997, the grating that constituted the floor of the pump-house caved in, causing him to fall to the basement, or "pit," below.

The plaintiffs commenced this action against the appellant, Norberto and Sons, Inc., the general contractor that constructed the pump-house several years before the injured plaintiff's accident, and against the electrical contractor. The latter claim was dismissed (see *Sullivan v Main Line Elec. Co.,* 295 AD2d 497). The appellant moved for summary judgment, which was denied by the Supreme Court. We affirm.

The appellant bore the initial burden of demonstrating the skillfulness of its work in installing the grating, and of demonstrating its freedom from any negligence that contributed to the accident (see *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Frank Norberto, whose deposition testimony was submitted in support of the motion, was admittedly not "responsible for overseeing the entire project for the construction and installation of the grate," and did not display any direct personal knowledge of how the grating had been installed. The moving papers did not include a copy of the transcript of the deposition of the nonparty witness who had been in charge of the construction of the grating, and were otherwise devoid of competent proof tending to establish that the grating was properly constructed.

Under these circumstances, the Supreme Court correctly concluded that the appellant did not meet its initial burden of demonstrating its entitlement to judgment as a matter of law (see *Zuckerman v City of New York, supra* at 562; *Friends of Animals v Associated Fur Mfrs., supra* at 1067). Florio, J.P., O'Brien, Adams and Crane, JJ., concur.