■ MACE ANTON et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 92390.) [757 NYS2d 338] —In a claim to recover damages for personal injuries, etc., the claimants appeal from (1) a decision of the Court of Claims (Read, J.), dated April 2, 2002, and (2) a judgment of the same court, dated April 16, 2002, which, upon the granting of the defendant's motion to dismiss the claim made at the close of trial on the issue of liability only, dismissed the claim on the merits.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, with costs.

The claimant Mace Anton was injured during the course of a robbery perpetrated by an adjudicated juvenile delinquent who ran away from the foster home where he was placed after his conditional release from a New York State Division for Youth

(hereinafter DFY) facility. The day before the incident, DFY issued a warrant for the return of the juvenile. The claimants thereafter filed this claim against the defendant State of New York. After a nonjury trial, the Court of Claims granted the State's motion to dismiss the claim for failure to establish a prima facie case of negligence. We affirm.

The State is protected from liability under the doctrine of governmental immunity regarding the conditional release of the juvenile from the DFY facility into foster care, as that act involved the exercise of discretion (*see Mon v City of New York,* 78 NY2d 309, 316 [1991]; *Tango v Tulevech,* 61 NY2d 34, 40 [1983]). However, the claimants contend that the State failed to comply with Executive Law § 510-b (1) in failing to apprehend and return the juvenile before his absence without official authorization, because he violated the conditions of his release. They assert that this was a ministerial breach for which the State does not enjoy immunity (*see Lauer v City of New York,* 95 NY2d 95, 99 [2000]). While "[m]inisterial negligence may not be immunized * * * it is not necessarily tortious" (*id.* at 99). Here, because the claimants cannot point to a duty owed to them by DFY, their negligence claim must fail (*id.* at 101). Moreover, the claimants expressly disavowed any special relationship between them and the State (*see Lauer v City of New York, supra* at 102; *Cuffy v City of New York,* 69 NY2d 255, 260 [1987]). Accordingly, the claim is not supported by existing law. Thus, we do not reach the question whether the State's acts were discretionary or ministerial under Executive Law § 510-b (1).

In addition, any error by the Court of Claims in referring to deposition testimony which was dehors the record must be considered harmless in view of the fact that the testimony was essentially cumulative of evidence adduced at the trial, and, in any event, was not determinative of the outcome (*see Papa v City of New York,* 194 AD2d 527, 530 [1993]).

The claimants' remaining contentions are without merit. Ritter, J.P., Santucci, Smith and Luciano, JJ., concur.