■ TAPPAN WIRE & CABLE, INC., Respondent-Appellant, v COUNTY OF ROCKLAND et al., Appellants-Respondents, et al., Defendants. [777 NYS2d 517]—

In an action to recover damages for trespass, negligence, and nuisance, the defendants County of Rockland and County of Rockland Sewer District No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), entered March 3, 2003, as denied those branches of their motion which were for summary judgment dismissing so much of the causes of action to recover damages for negligence and nuisance as alleged negligent maintenance of the sewerage system and Sparkill Creek insofar as asserted against them, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendants County of Rockland and County of Rockland Sewer District No. 1 which was for summary judgment dismissing the trespass cause of action and denied that branch of its cross motion which was for summary judgment on its trespass cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A hurricane struck the New York Metropolitan area in September 1999. The Rockland County Sewer Treatment Plant (hereinafter the Plant) lost power during the hurricane and sewage overflowed from the Plant into the Sparkill Creek (hereinafter the Creek). The Creek overflowed and flooded property leased by the plaintiff Tappan Wire and Cable, Inc. The plaintiff commenced this action against, among others, the defendants County of Rockland and the County of Rockland Sewer District No. 1 (hereinafter collectively the County) to recover damages for trespass, negligence, and nuisance.

The County is entitled to immunity from liability arising out of claims that it negligently designed the sewerage system (*see Seifert v City of Brooklyn,* 101 NY 136, 144-145 [1886]; *Urquhart v City of Ogdensburg,* 91 NY 67, 71 [1883]; *Beck v City of New York,* 23 Misc 2d 1036, 1040 [1960], *affd* 16 AD2d 809 [1962]). Thus, the Supreme Court properly dismissed the portions of the second and third causes of action which were to recover damages for negligence and nuisance that rested on the theory of negligent design of the bypass system.

However, the County is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature (*see Biernacki v Village of Ravena,* 245 AD2d 656, 657 [1997]; *Vanguard Tours v Town of Yorktown,* 83 AD2d 866 [1981]). Although ministerial negligence is not immu-

nized, it is not necessarily tortious (*see Lauer v City of New York*, 95 NY2d 95, 99 [2000]). There must still be a basis to hold the County liable for negligence (*see Lauer v City of New York, supra* at 100; *Anton v State of New York*, 304 AD2d 510, 511 [2003]). While there is no merit to the plaintiff's contention that the County owed it a special duty (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]), a municipality does have a duty to maintain its sewerage or drainage system (*see McCarthy v City of Syracuse*, 46 NY 194, 196-197 [1871]; *Seifert v City of Brooklyn, supra*; *Pet Prods. v City of Yonkers*, 290 AD2d 546, 547 [2002]; *Biernacki v Village of Ravena, supra*; *Sgarlata v City of Schenectady*, 77 Misc 2d 481, 486-487 [1974]).

In opposition to the County's prima facie showing of entitlement to summary judgment, the plaintiff raised an issue of fact as to whether the County breached this duty. For at least four months before the hurricane, the County knew that certain improvements were required in order to alleviate flooding which traditionally plagued the area along the Creek. Those improvements included removing an abandoned railroad crossing and replacing and adding culverts in the subject area. None of the recommended improvements was made prior to the incident. Based on a report prepared for the County detailing the specific benefits these improvements would have had on the flooding problem, the plaintiff's expert engineer opined that had the County implemented the improvements, the flooding at the plaintiff's property would have been diminished by at least 1.66 feet. Since the causes of action to recover damages for negligence and nuisance were partially premised on the County's alleged negligence in maintaining the sewerage system, the Supreme Court properly denied those branches of the County's motion which were for summary judgment dismissing those causes of action. Moreover, the County failed to demonstrate its entitlement to summary judgment on the issue of whether it negligently maintained the emergency generator at the Plant which failed on the day of the hurricane (*see Sullivan v Main Line Elec. Co.*, 301 AD2d 586, 587 [2003]).

The Supreme Court properly dismissed the trespass cause of action (*see Phillips v Sun Oil Co.*, 307 NY 328 [1954]).

The County's remaining contentions are without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.