WILLIAM HONGACH, Appellant, v CITY OF NEW YORK et al., Respondents. [779 NYS2d 559]—

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 27, 2003, which denied his motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the plaintiff's motion for summary judgment, as the plaintiff failed to establish, prima facie, his entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). "Evidence of flooding caused by . . . a sewer system . . . is insufficient to maintain an action for negligence against a municipality" (*Linden Towers Coop. #4 v City of New York*, 272 AD2d 587 [2000]; *see Smith v Mayor of City of N.Y.*, 66 NY 295 [1876]; *Biernacki v Village of Ravena*, 245 AD2d 656 [1997]). The plaintiff submitted no affidavit of an expert, and offered no proof tending to show that the installation and maintenance of the sewer by the defendants was in any way negligent, or that it caused the flooding of his building. The plaintiff's affidavit and attorney's affirmation merely offered speculation that the defendants were negligent and that such negligence caused the flood. Therefore, they were insufficient to establish the plaintiff's entitlement to summary judgment (*see LaFemina v Brambell*, 2 AD3d 409 [2003]; *Leggio v Gearhart*, 294 AD2d 543 [2002]; *Moody v Woolworth Co.*, 288 AD2d 446 [2001]; *Visconti v 110 Huntington Assoc., L.P.*, 272 AD2d 320 [2000]), and his motion was properly denied.

The Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint. The defendants established their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Thereafter, it was incumbent upon the plaintiff to lay bare their proof in opposition to the motion, and

to submit evidentiary facts sufficient to raise a triable issue of fact (*see Dembitzer v Chera,* 305 AD2d 531 [2003]; *Haider v Rahim,* 273 AD2d 442 [2000]). The plaintiff failed to do so (*see Linden Towers Coop. #4 v City of New York, supra*).

The plaintiff's remaining contentions are without merit. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.