KATHLEEN DONATO, Appellant, v RYSZARD MIKRUT, Doing Business as PALACE FLOORS, et al., Respondents. [825 NYS2d 53]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 12, 2005, as granted the motion of the defendants Ryszard Mikrut, doing business as Palace Floors, and Palace Floors, Inc., and the separate motion of the defendants Scotto Bros. Woodbury Restaurant Inc., doing business as Fox Hollow Inn, Elcejay Inn Corp., Scotto Bros. Enterprises Co., and Scotto's Holding

Corp., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that she sustained injuries while dancing when her foot stuck to a "sticky" section of the wooden dance floor at the catering hall owned by the defendants Scotto Bros. Woodbury Restaurant, Inc., doing business as Fox Hollow Inn, Elcejay Inn Corp., Scotto Bros. Enterprises Co., and Scotto's Holding Corp. (hereinafter collectively Scotto). The defendants Ryszard Mikrut, doing business as Palace Floors, and Palace Floors, Inc. (hereinafter collectively Mikrut), refinished the floors at the catering hall at Scotto's request. Scotto and Mikrut separately moved for summary judgment more than 120 days after the filing of the note of issue. In their respective motion papers, the defendants claimed that good cause existed for their untimely motions as the discovery, in particular depositions of all parties, was not completed at the time the note of issue was filed.

In opposition, the plaintiff did not raise any objections to the proffered reasons for the untimeliness. Instead, the plaintiff limited her arguments to the merits of the respective motions. The Supreme Court, in granting the defendants' respective motions, did not address the issue of whether good cause was shown for the untimely motions, and determined that the defendants established that they had no actual or constructive notice of a defective condition on the area of the dance floor where the plaintiff allegedly slipped.

The Supreme Court properly granted the defendants' motions for summary judgment. The defendants established their entitlement to judgment as a matter of law by submitting evidence which demonstrated that they neither created nor had actual or constructive notice of the alleged dangerous condition, a sticky floor. In opposition, the plaintiff failed to raise a triable issue of fact (*see Khaimova v Osnat Corp.*, 21 AD3d 401, 402 [2005]; *Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403, 404 [2004]; *Goldman v Waldbaum, Inc.*, 297 AD2d 277 [2002]). The affidavit of the plaintiff's engineering expert, who never examined the floor, was insufficient and conclusory (*see Murphy v Conner*, 84 NY2d 969, 972 [1994]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516, 517 [2005]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570, 571 [2003]). In addition, the eyewitness affidavit submitted by the plaintiff contained inadmissible hearsay and failed to raise a triable issue of fact (*see Rodriguez v Sixth President*, 4 AD3d 406, 407 [2004]).

The plaintiff's remaining contention is not properly before this Court as it is raised for the first time on appeal. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.