■ Ava Moore, Respondent, v City of Yonkers, Appellant. [863 NYS2d 80]—

In an action to recover damages for negligence, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 13, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

From 1999 to 2004, the plaintiff's house flooded during five separate rain storms when a catch basin situated at the top of her driveway overflowed, causing the excess water to flow down her sloped driveway and into her home. After the third flood, the City of Yonkers performed construction work on and below the catch basin in front of the plaintiff's driveway. After the fourth flood, the City performed construction work on the drainage system under the plaintiff's street and under the surrounding streets. After the fifth flood, the plaintiff filled in her driveway, causing it to slope toward the street as opposed to toward her home; she has not had any additional flooding since making the alteration to the driveway. The plaintiff sought recovery for the damages sustained from the fourth and fifth floods, which occurred after the City's construction projects.

A municipality is immune from liability "arising out of claims that it negligently designed the sewerage system" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Seifert v City of Brooklyn*, 101 NY 136, 144-145 [1886]; *Urquhart v City of Ogdensburg*, 91 NY 67, 71 [1883]). However, a

municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable Inc. v County of Rockland*, 7 AD3d at 782, citing *Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]; *see McCarthy v City of Syracuse*, 46 NY 194, 196-197 [1871]).

The City met its initial burden on that branch of its motion which was for summary judgment by making a prima facie showing of entitlement to judgment as a matter of law through the submission, inter alia, of the deposition testimony of the plaintiff, indicating that she had experienced severe flooding prior to the City's construction projects and the deposition testimony and affidavit of a former assistant city engineer indicating that the flooding was caused by heavy rains, the location of the plaintiff's home in a low-lying area, and the downward slope of the driveway (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In opposition to the City's prima facie showing, the plaintiff submitted, inter alia, an affidavit of her expert who, relying on a proposed plan for the City's construction project, opined that the initial construction did not resolve the drainage problem and that the subsequent construction could have exacerbated the problem. The plaintiff's expert admitted his lack of knowledge as to whether the City followed the proposed plan. The expert's opinion was speculative, conclusory, and insufficient to raise a triable issue of fact with respect to whether the City negligently maintained the drainage system (*see Murphy v Conner*, 84 NY2d 969, 972 [1994]; *Donato v Mikrut*, 33 AD3d 654, 655 [2006]; *Hongach v City of New York*, 8 AD3d 622 [2004]; *Linden Towers Coop. #4 v City of New York*, 272 AD2d 587 [2000]; *Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]). Accordingly, the Supreme Court should have granted that branch of the City's motion which was for summary judgment dismissing the complaint. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.