■ JOHN P. PLUCHINO et al., Appellants, v VILLAGE OF WALDEN, Respondent. [880 NYS2d 545]—

In an action to recover for property damages, the plaintiffs appeal from an order of the Supreme Court, Orange County (Owen, J.), dated July 23, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiffs commenced this action after sewage backup flooding caused extensive damage to their property on April 15, 2007. The Supreme Court granted the motion of the defendant, Village of Walden, for summary judgment dismissing the complaint based upon the plaintiffs' failure to comply with the Village's prior written notice law (*see* Village of Walden Code § 16-2). We reverse.

The Village demonstrated its prima facie entitlement to judgment as a matter of law by proof that the plaintiffs failed to furnish prior written notice of a sewer defect which allegedly was a substantial factor in causing the April 15, 2007, flooding. However, in opposition thereto, the plaintiffs raised a triable issue of fact as to whether this defect was affirmatively created by the Village (*see De Witt Props. v City of New York*, 44 NY2d 417 [1978]; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781 [2004]; *Zeltmann v Town of Islip*, 265 AD2d 407 [1999]; *cf. Hongach v City of New York*, 8 AD3d 622 [2004]). Under the circumstances of this case, there is also a question of fact as to whether the Village's actions immediately resulted in the existence of a dangerous condition (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *San Marco v Village/Town of Mount Kisco*, 57 AD3d 874 [2008]; *Diaz v City of New York*, 56 AD3d 599 [2008]).

Accordingly, the motion for summary judgment should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.