■ FIREMAN'S FUND INSURANCE COMPANY, as Subrogee of HERBERT & IRIS MAREK, Appellant, v COUNTY OF NASSAU, Respondent. [887 NYS2d 242]—

In a subrogation action to recover damages for payments by the plaintiff to its insureds for injury to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 23, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The instant subrogation action arose after sewage effluent flooded the residence of the plaintiff's insureds located in the defendant County of Nassau during the course of a severe storm in October 2005. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and we affirm.

A municipality is immune from liability "arising out of claims that it negligently designed the sewerage system" (*Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d 781, 782 [2004]; *see Seifert v City of Brooklyn,* 101 NY 136, 144-145 [1886]; *Urquhart v City of Ogdensburg,* 91 NY 67, 71 [1883]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d at 782, citing *Biernacki v Village of Ravena,* 245 AD2d 656, 657 [1997]; *see De Witt Props. v City of New York,* 44 NY2d 417, 423-424 [1978]; *Moore v City of Yonkers,* 54 AD3d 397, 398 [2008]).

On its motion for summary judgment, the defendant demonstrated its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]) by submitting, inter alia, the affidavits of its engineers and other employees establishing that it had no "notice of a dangerous condition or had reason to believe that the pipes have shifted or deteriorated and are likely to cause injury," and that it regularly inspected and maintained the subject sewer line (*De Witt Props. v City of New York,* 44 NY2d at 423-424; *see Holy Temple First Church of God in Christ v City of Hudson,* 17 AD3d 947, 947-948 [2005]; *Tappan Wire & Cable, Inc. v County of Rockland,* 7 AD3d at 782). The deposition testimony and affidavits further demonstrated that the backflow flooding experienced by the insureds was caused by inordinately heavy rains following the severe storm, illegal connections to the sewer system by other homeowners, manhole covers that were improperly removed by persons or entities other than the defendant, and the deficiencies in the plumbing connections of the insureds' basement bathroom, for which they had not obtained permits.

In opposition to the defendant's prima facie showing, the plaintiff submitted, inter alia, an affidavit of its expert who, without citing industry standards or conducting an inspection of the subject premises, opined that the defendant caused the sewage backflow to the premises. The expert's conclusory opinion, which was based solely on speculation, was insufficient to raise a triable issue of fact with respect to whether the defendant negligently maintained its sewer system (*see Moore v City of Yonkers,* 54 AD3d at 398; *Hongach v City of New York,* 8 AD3d 622, 622-623 [2004]; *Linden Towers Coop. #4 v City of New York,* 272 AD2d 587 [2000]; *Biernacki v Village of Ravena,* 245 AD2d at 657).

Since the plaintiff failed to raise a triable issue of fact (*see*

*Alvarez v Prospect Hosp.,* 68 NY2d at 324), the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.