■ KARIM AZIZI et al., Respondents, v VILLAGE OF CROTON-ON-HUDSON, Appellant. [914 NYS2d 232]—

In an action to recover damages for injury to property, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered June 24, 2009, as denied its motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court (Loehr, J.), dated October 13, 2009, which, upon the denial of its motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law for failure to establish a prima facie case, and upon a jury verdict finding that the defendant was liable for the injury to the subject property, and awarding the plaintiffs damages in the sum of $31,053.79, is in favor of the plaintiffs and against it in the principal sum of $31,053.79.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is granted, the order entered June 24, 2009, is modified accordingly, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs commenced this action against the defendant, Village of Croton-on Hudson, to recover damages resulting from sewage effluent that flooded the plaintiffs' residence on October 22, 2006. The defendant moved for summary judgment on the grounds, inter alia, that it lacked prior written notice of a defect in its sewer system and that it did not negligently maintain its sewer system. In an order entered June 24, 2009, the Supreme Court, referring only to the defendant's argument that it lacked prior written notice of the sewer system defect, denied the defendant's motion for summary judgment. The matter proceeded to trial and the jury found that the defendant had negligently maintained its sewer system and that such negligence was a substantial factor in causing the sewer backup in the plaintiffs' home, and awarded the plaintiffs damages in the principal sum of $31,053.79. The defendants appeals from the ensuing judgment and we reverse.

A municipality is immune from liability "arising out of claims that it negligently designed the sewerage system" (Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d 781, 782 [2004]; see Fireman's Fund Ins. Co. v County of Nassau, 66 AD3d 823, 824 [2009]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d at 782; see De Witt Props. v City of New York, 44 NY2d 417, 423-424 [1978]; Biernacki v Village of Ravena, 245 AD2d 656, 657 [1997]; Moore v City of Yonkers, 54 AD3d 397 [2008]). Nonetheless, a municipality is not an insurer of its sewer system and cannot be held liable for injury unless it is shown that the injury was caused by active negligence in the maintenance of the system (see De Witt Props. v City of New York, 44 NY2d at 424).

In support of its motion for summary judgment, the defendant submitted, inter alia, the affidavit and deposition testimony of the then-superintendent of its Department of Public Works (hereinafter DPW), who explained that the defendant maintained the sewer system by annually running a sewer jet hose throughout the entire system and contracting with a third party to treat tree roots that may have infiltrated the sewer system. Further, the defendant submitted the affidavit of a general foreman of its DPW, who averred that, based upon the defendant's annual maintenance and tree root control efforts, in the two years preceding the incident in question, DPW had not detected any sewage backup problems. Therefore, the defendant established, prima facie, that it had no " 'notice of a dangerous condition [and did not have] reason to believe that the pipes have shifted or deteriorated and are likely to cause injury,' and that it regularly inspected and maintained the subject sewer line" (*Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824, quoting *De Witt Props. v City of New York*, 44 NY2d at 423-424; *see also Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947 [2005]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant "either affirmatively breached a duty owed or . . . was actively negligent and the negligence caused the flooding" (*Biernacki v Village of Ravena*, 245 AD2d at 657; *see Chi-Ming Tang v Village of Geneseo*, 303 AD2d 987 [2003]; *Linden Towers Coop. #4 v City of New York*, 272 AD2d 587 [2000]). The affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact as he opined, without citing industry standards or conducting an inspection of the subject premises, that the defendant caused the sewage backflow to the premises (*see Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824; *Moore v City of Yonkers*, 54 AD3d at 398; *cf. Biernacki v Village of Ravena*, 245 AD2d at 658).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, the defendant's remaining contentions have been rendered academic.

The plaintiffs' remaining contentions are not properly before this Court. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.