# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**270**
**CA 10-02238**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

JAMES CONTI AND DEBORAH CONTI,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS WATER BOARD,
DEFENDANT-RESPONDENT.

LEONARD G. TILNEY, JR., LOCKPORT, FOR PLAINTIFFS-APPELLANTS.

HARRIS BEACH PLLC, BUFFALO (KIMBERLY A. COLAIACOVO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered February 26, 2010. The order
granted the motion of defendant for summary judgment and dismissed the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking to recover
damages they sustained as the result of a sewage backup on their
property, allegedly caused by defendant's failure to maintain its
sewer system in a proper manner. We conclude that Supreme Court erred
in granting defendant's motion for summary judgment dismissing the
complaint on the ground that it did not have prior notice of a
defective or dangerous condition in the sewer system.

Defendant failed to meet its initial burden of establishing "that
it had no notice of a dangerous condition [and did not have] reason to
believe that the pipes [had] shifted or deteriorated and [were] likely
to cause injury, and that it regularly inspected and maintained the
subject sewer line" (*Azizi v Village of Croton-on-Hudson*, 79 AD3d 953,
955 [internal quotation marks omitted]; *see generally De Witt Props. v
City of New York*, 44 NY2d 417, 423-424; *Fireman's Fund Ins. Co. v
County of Nassau*, 66 AD3d 823, 824). In support of its motion,
defendant submitted the affirmation of its attorney, who averred that
defendant "had no notice of a dangerous condition or reason to believe
that the pipes had shifted or deteriorated or were likely to cause
injury." It is well established, however, that an affirmation
submitted by an attorney who has no personal knowledge of the facts is
without evidentiary value (*see Deronde Prods. v Steve Gen. Contr.*, 302

AD2d 989).  Defendant's reliance on plaintiffs' response to one of its interrogatories in support of its motion is equally unavailing. Defendant asked plaintiffs to "[s]tate . . . any and all notice/claims made to [d]efendant[,] including the date, time, place, manner and mode of [such] notice [or claims] . . . ."  In response thereto, plaintiffs provided the date that they served the notice of claim upon defendant.  Contrary to defendant's contention, plaintiffs did not thereby concede that defendant lacked actual or constructive notice of the allegedly defective condition of the sewer system.  Rather, plaintiffs alleged in their response to other interrogatories that defendant failed "to make . . . timely inspections and repairs to the sewers" near plaintiffs' residence and that "[t]he sinking and eventual collapse of the sewer main . . . were facts known or [that] could have been known with reasonable inspection by [d]efendant."

Although defendant contends that plaintiffs failed to establish that it had notice of a dangerous or defective condition in the sewer system, it was defendant's burden on the motion to come forward with evidence in admissible form establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendant's failure to meet its initial burden requires denial of the motion, "regardless of the sufficiency of [plaintiffs'] opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see Ayotte v Gervasio*, 81 NY2d 1062, 1063).

In light of our conclusion, we do not address plaintiffs' remaining contentions.

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court