■ DESPINA PAPADOPOULOS et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [922 NYS2d 481]—

In an action to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), entered September 3, 2010, as granted those branches of the motion of the defendant Town of North Hempstead, the separate motion of the defendants Jay Scansaroli and Janice Scansaroli, and the separate motion of the defendants Andre Frost and Lilliana Frost which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendant Town of North Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it. "A municipality is immune from liability 'arising out of claims that it negligently designed the sewerage system.' However, a municipality 'is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature' " (*Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 954 [2010]; quoting *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d 823, 824 [2009]; *Moore v City of Yonkers*, 54 AD3d 397, 397-398 [2008]). The Town established, prima facie, that it had no notice of any dangerous condition, that it properly maintained the drainage

system in the subject area, and that the flooding to the plaintiffs' property resulted from inordinate rainfall combined with the low-lying position of the plaintiffs' property (*see Azizi v Village of Croton-on-Hudson*, 79 AD3d at 954; *Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824; *Moore v City of Yonkers*, 54 AD3d at 397-398). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the flooding resulted, in relevant part, from the Town's negligence in maintaining a drain located on an easement behind their property is belied by the evidence that flooding occurred after that drain was cleared.

The Supreme Court properly granted those branches of the respective motions of the defendants Jay Scansaroli and Janice Scansaroli (hereinafter together the Scansarolis), and the defendants Andre Frost and Lilliana Frost (hereinafter together the Frosts), which were for summary judgment dismissing the complaint insofar as asserted against them. "A landowner will not be liable for damages to an abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches" (*Moretti v Croniser Constr. Corp.*, 76 AD3d 1055, 1055 [2010]; *see Moone v Walsh*, 72 AD3d 764 [2010]; *Tatzel v Kaplan*, 292 AD2d 440, 441 [2002]). The Frosts established that improvements made to a basketball area and a gazebo on their property were made in good faith and did not divert water artificially onto the plaintiffs property. The plaintiffs, in opposition, failed to raise a triable issue of fact. The Scansarolis established that the subject brick pathway existed when they purchased their property, and that they made no changes to their property which would have contributed to the plaintiffs' damages. In opposition, the plaintiffs failed to raise a triable issue of fact. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.