# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**450**

**CA 11-02197**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

KATHLEEN PRACHEL, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF WEBSTER, DEFENDANT-APPELLANT.

---

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (J. MICHAEL WOOD OF COUNSEL), FOR DEFENDANT-APPELLANT.

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), AND RICHARD J. LIPPES & ASSOCIATES, BUFFALO, FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered January 3, 2011.  The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking to limit plaintiff's recoverable property damages to those accruing within the 90 days prior to service of the notice of claim and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action asserting causes of action for trespass, nuisance and negligence.  She sought damages for injuries she sustained and for damage to her property as the result of flooding allegedly caused by defendant's artificial diversion of surface water through its storm and surface water drainage system.  Defendant moved for summary judgment dismissing the complaint on the ground that its drainage system was not the cause of the flooding on plaintiff's property.  Alternatively, defendant moved for summary judgment dismissing the negligence cause of action and limiting the damages recoverable under the trespass and nuisance causes of action to those accruing within 90 days prior to the service of the notice of claim (*see* General Municipal Law § 50-e [1] [a]), or one year and 90 days prior to the commencement of the action (*see* § 50-i [1]).  Supreme Court denied the motion in its entirety.

To establish liability for damages from the flow of surface water onto her property, plaintiff is required to demonstrate that defendant diverted the surface water by artificial means "or that the improvements [made by defendant] were not made in a good faith effort to enhance the usefulness of the defendant's property" (*Cottrell v Hermon*, 170 AD2d 910, 911, *lv denied* 78 NY2d 853; *see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590; *Smith v Town of Long Lake*, 40 AD3d

1381, 1383).  Paving alone—as opposed to pipes, sluices, drains or ditches—does not constitute an artificial means of diversion (*see Cottrell*, 170 AD2d at 911; *see also Friedland v State of New York*, 35 AD2d 755, 756).  Here, it is undisputed that defendant owns a surface water drainage system that collects and diverts water across plaintiff's property.  That system includes, inter alia, culvert pipe, a drainage ditch and a catch basin.  Plaintiff alleges that defendant's drainage system has altered natural flows and created a storm water detention zone on her property.  According to plaintiff, the detention zone created by the increased run-off from a new housing subdivision is inadequately drained and is a significant contributor to the excess water in the soil surrounding plaintiff's house.

Even assuming, arguendo, that defendant established its entitlement to summary judgment dismissing the complaint, we conclude that the affidavit of plaintiff's engineer submitted in opposition to the motion was sufficient to raise a triable issue of fact whether defendant's drainage system altered the natural flow of surface water to create a storm water detention zone and flooding on plaintiff's property (*see Pluchino v Village of Walden*, 63 AD3d 897, 897).  Further, that affidavit was also sufficient to raise a triable issue of fact whether defendant was negligent in the maintenance of the drainage system and whether such negligence was a proximate cause of water intrusion into plaintiff's basement *(cf. Hongach v City of New York*, 8 AD3d 622, 622).

Contrary to defendant's contention, we conclude that plaintiff properly served the notice of claim within 90 days of her discovery of the alleged personal injuries (*see* CPLR 214-c [3]; General Municipal Law § 50-e [1] [a]).  Further, inasmuch as plaintiff commenced this action within one year and 90 days from the date of that discovery, her personal injury claim based upon the growth of toxic mold allegedly caused by the water intrusion into her basement was timely interposed (*see* § 50-i [1]; CPLR 214-c [3]).  We agree with defendant, however, that because plaintiff discovered the mold growth in her home several years prior to serving the notice of claim, any damages awarded under that part of the negligence cause of action based on property damage must be limited to those resulting from any negligent acts that defendant committed within the 90 days prior to service of the notice of claim (*see* General Municipal Law § 50-e [1] [a]).

Finally, inasmuch as plaintiff conceded in opposition to the motion that her damages under the trespass and nuisance causes of action insofar as they were based on property damage were limited to those damages sustained within 90 days prior to the date of filing of her notice of claim, she is estopped from taking a contrary position on appeal (*see generally Mitchell v La Barge*, 257 AD2d 834, 835).  Although we agree with plaintiff that "[c]ompliance with sections 50-e and 50-i of the General Municipal Law is not required where a plaintiff seeks equitable relief to abate or enjoin a nuisance and incidentally seeks money damages for past conduct" (*Baumler v Town of Newstead*, 198 AD2d 777, 777), plaintiff's pleadings contain no claim for equitable relief.  We therefore modify the order by granting that part of defendant's motion seeking to limit the damages plaintiff may

recover for property damage to those accruing within the 90 days prior to service of the notice of claim.