■ NICHOLAS CARBONARO et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [948 NYS2d 645]—

The plaintiffs commenced this action against the defendants Town of North Hempstead and the County of Nassau to recover damages resulting from the flooding of their residence on July 18, 2007. The plaintiffs allege that the flooding was caused by deficiencies in a storm drainage system, and that the Town and the County each own separate components of that system. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiffs cross-moved, in effect, for summary judgment on the issue of liability. The Supreme Court granted the defendants' separate motions, and denied the plaintiffs' cross motion.

A municipality is immune from liability "arising out of claims that it negligently designed [a] sewerage system" or storm

drainage system (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d 823, 824 [2009]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782; *see De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]; *Moore v City of Yonkers*, 54 AD3d 397 [2008]; *Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]).

The Town established, prima facie, that it was not negligent in the maintenance of the relevant storm drainage facilities that were in its ownership and control, and in opposition, the plaintiffs failed to raise a triable issue of fact as to negligent maintenance of those facilities (*see Papadopoulos v Town of N. Hempstead*, 84 AD3d 768, 768-769 [2011]; *Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 955 [2010]; *Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824; *Biernacki v Village of Ravena*, 245 AD2d at 657-658). Further, the evidence as to the Town's alleged failure to undertake certain improvements or renovations to the facilities related only to the design of the system, for which the Town may not bear liability (*see Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782). In addition, any evidence relative to the theories of liability based on trespass and nuisance was not properly raised in the plaintiffs' cross motion, as those theories were not raised in the pleadings, nor did the plaintiffs seek to amend the pleadings (*see Barber v Daly*, 185 AD2d 567, 570 [1992]). Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it, and properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the Town.

However, the County failed to demonstrate its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it. In particular, the County submitted no evidence as to the inspection or maintenance of the storm water storage basin during the relevant period prior to this incident and, thus, failed to eliminate a triable issue of fact as to whether the sole proximate cause of the occurrence was not related to any maintenance problems. Under these circumstances, the County was not entitled to summary judgment dismissing the complaint insofar as asserted against it (*see generally Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d

at 783; *Zeltmann v Town of Islip*, 265 AD2d 407, 408 [1999]). Accordingly, the Supreme Court should have denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the County, as the plaintiffs failed to show, as a matter of law, that the County negligently maintained its facilities (*see Hongach v City of New York*, 8 AD3d 622 [2004]). Since the plaintiffs failed to meet their initial burden, it is unnecessary to review the sufficiency of the opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.