■ WILLIAM GUGEL et al., Appellants, v COUNTY OF SUFFOLK, Respondent. [992 NYS2d 543]—

In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered January 16, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

A municipality is immune from liability "arising out of claims that it negligently designed [a] sewerage system" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d 823, 824 [2009]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782; *see De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]; *Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]; *Moore v City of Yonkers*, 54 AD3d 397 [2008]). In order for a municipality to demonstrate its prima facie entitlement to judgment as a matter of law in sewer backup cases, the municipality must show that it had no " 'notice of a dangerous condition,' " and that "it regularly inspected and maintained the subject sewer line" (*Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824, quoting *De Witt Props. v City of New York*, 44 NY2d at 424; *see Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 955 [2010]; *Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947 [2005]).

Here, although there is nothing in the record to show that the defendant County of Suffolk had prior notice of a dangerous condition in the subject sewer system, the County's proof regarding its regular inspection and maintenance of the sewer system was deficient. Specifically, the records that the County submitted in support of its motion for summary judgment were confusing, internally inconsistent, and did not support the conclusion made in an accompanying affidavit of a County Department of Public Works employee, who stated that the subject sewer line was annually "jetted" to clear blockages. In this regard, we note that the County also submitted a deposition transcript of another Department of Public Works employee, who testified at his deposition that he thought the subject sewage backup was caused by "grease and grit that form[ed] blockages." Accordingly, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law and, thus, its motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 754 [2007]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.