■ Michael L. Brandenburg et al., Respondents, v County of Rockland Sewer District #1, State of New York, Defendant, and Town of Clarkstown, State of New York, Appellant. [7 NYS3d 300]—

In an action to recover damages for injury to real property, the defendant Town of Clarkstown, State of New York, appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated November 14, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A municipality is immune from liability "arising out of claims

that it negligently designed [a] sewerage system" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d 823, 824 [2009]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782; *see De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]). In order for a municipality to demonstrate its prima facie entitlement to judgment as a matter of law in sewer backup cases, the municipality must show that it had no " 'notice of a dangerous condition,' " and that "it regularly inspected and maintained the subject sewer line" (*Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d at 824, quoting *De Witt Props. v City of New York*, 44 NY2d at 424; *see Gugel v County of Suffolk*, 120 AD3d 1189, 1190 [2014]; *Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 955 [2010]).

Here, the defendant Town of Clarkstown, State of New York, failed to establish, prima facie, that it regularly inspected and maintained the subject sewer lines (*see Gugel v County of Suffolk*, 120 AD3d at 1190). The evidence submitted by the Town in support of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it demonstrated that the subject sewer lines had not been inspected more recently than approximately 19 months prior to the date of the sewage backup into the plaintiffs' residence (*see Holmes v Incorporated Vil. of Piermont*, 54 AD3d 809, 811 [2008]). Under these circumstances, the Town failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the Town's motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We decline the plaintiffs' invitation to search the record and award them summary judgment on the issue of liability, as there are triable issues of fact as to whether the Town negligently maintained or inspected the subject sewer lines. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.