Greene v City of New York (2024 NY Slip Op 03414)

Greene v City of New York

2024 NY Slip Op 03414

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-08191
 (Index No. 715391/19)

[*1]Angela I. Greene, appellant,
v
City of New York, etc., respondent.

Angela I. Greene, Stoughton, MA, appellant pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack and Benjamin H. Pollak of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered October 18, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the City of New York to recover damages allegedly sustained as the result of the City's negligent maintenance and repair of its sewer system, causing the sewer to overflow and flood her automobile. After joinder of issue and discovery, the plaintiff moved for summary judgment on the issue of liability. In an order entered October 18, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A municipality is immune from liability arising out of claims that it negligently designed [its] sewerage system" (Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y., 127 AD3d 681, 681-682 [internal quotation marks omitted]; see Azizi v Village of Croton-on-Hudson, 79 AD3d 953, 954). However, a municipality is not immune from liability arising out of claims that it negligently maintained the sewerage system (see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y., 127 AD3d at 682; Azizi v Village of Croton-on-Hudson, 79 AD3d at 954). As such, "[e]vidence of flooding caused by . . . a sewer system . . . is insufficient to maintain an action for negligence against a municipality" (Hongach v City of New York, 8 AD3d 622, 622 [internal quotation marks omitted]; see Biernacki v Village of Ravena, 245 AD2d 656, 657). Rather, the plaintiff must demonstrate that the municipality either affirmatively breached a duty owed or was actively negligent and the negligence caused the flooding (see Azizi v Village of Croton-on-Hudson, 79 AD3d at 954; Hongach v City of New York, 8 AD3d at 622; Biernacki v Village of Ravena, 245 AD2d at 657).
The plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability. Even assuming, arguendo, that the documentary evidence authored or created by the City, which the plaintiff received from the City during discovery, was in admissible form (see CPLR 4540-a), the plaintiff offered no proof in support of her motion tending to show that the City's alleged negligence in the maintenance and repair of its sewer system was the cause of the [*2]subject flooding. Rather, the plaintiff improperly relied on her own lay opinion that the City had failed to properly maintain and repair the sewer system and merely speculated that such failures caused the flooding (see Hongach v City of New York, 8 AD3d at 623; see also Azizi v Village of Croton-on-Hudson, 79 AD3d at 955; Fireman's Fund Ins. Co. v County of Nassau, 66 AD3d 823, 824; Linden Towers Coop. #4 v City of New York, 272 AD2d 587, 587; Biernacki v Village of Ravena, 245 AD2d at 658).
The plaintiff's contentions regarding the present sense impression hearsay exception and the applicability of certain expert testimony from another case to the facts of this case are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the City's opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court