Sanogo v Giacomini (2024 NY Slip Op 51661(U))

[*1]

Sanogo v Giacomini

2024 NY Slip Op 51661(U)

Decided on December 9, 2024

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2024
Supreme Court, Bronx County

Amidou Sanogo, Plaintiff,

against
Eugene Giacomini AND UNITED PARCEL SERVICE INC., Defendants.

Index No. 33570/2020E

Counsel for plaintiff Amidou Sanogo: Budin, Reisman, Kupferberg & Bernstein. LLP
Counsel for defendant Eugene Giacomini: David S. Kritzer & Associates
Counsel for defendant United Parcel Service Inc.: David S. Kritzer & Associates

John A. Howard-Algarin, J.

The following papers were read on this motion (Seq # 1) for summary judgment submitted on March 21, 2024.
Notice of Motion — Affirmation and Exhibits Annexed NYSCEF Doc. # 42 — 57
Affirmation in Opposition and Exhibits Annexed NYSCEF Doc. # 60 — 66 
Affirmation in Reply NYSCEF Doc. # 67
Upon the foregoing papers, the defendants, Eugene Giacomini ("Giacomini"), and United Parcel Service Inc. ("UPS", collectively "Defendants") move for an order, pursuant to CPLR § 3212, granting summary judgment and dismissal of the complaint of plaintiff, Amidou Sanogo ("Plaintiff" or "Sanogo"), on the grounds that: (i) defendants are not the actual or proximate cause of the accident; and (ii) plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102[d]. Plaintiff opposes the motion.
This personal injury action arises out of a motor vehicle accident taking place on Haviland Avenue, a single-laned one-way street in Bronx County on November 25, 2019. A vehicle owned and operated by plaintiff was double parked on Haviland Avenue when a vehicle operated by Giacomini and owned by UPS made contact with plaintiff's vehicle. Plaintiff alleges Giacomini struck his vehicle while attempting to pass him. 
In support of the branch of their motion seeking dismissal for want of liability, defendants submit, inter alia, the transcripts of the deposition testimony of Giacomini and plaintiff, photographs of both the vehicles involved in the accident and the accident scene, and an expert accident reconstruction report from professional engineer, Douglas R. Morr, P.E. ("PE [*2]Morr").
Giacomini testified that, on the day in question, while in the course of his employment as a delivery driver for UPS, he attempted to drive down Haviland Avenue in a UPS delivery truck when he slowed and eventually stopped the truck as he approached plaintiff's double-parked vehicle on the left-hand side of the street. Giacomini testified that he had to "ride the brake" at "engine idle" while intermittently stopping next to plaintiff's vehicle as he attempted to guide the truck slowly past plaintiff's vehicle at one or two miles per hour. According to Giacomini, he did not observe the moment of impact between the two vehicles. He instead claims that plaintiff's passenger side rear fender and tire made contact with the truck's driver's side front wheel lug nuts when plaintiff moved his car forward. Giacomini based his belief on the scratches visible on plaintiff's rear passenger side fender which appear to be in a straight line as opposed to curved. According to Giacomini, curved scratches would reflect the rotation of the UPS truck's front tire were it moving forward at the time of contact. In sum, Giacomini suggests that plaintiff must have tried to move his vehicle leading to the contact. Relatedly, Giacomini testified that upon exiting the truck after the contact, he observed Plaintiff's front wheels turned.
Plaintiff testified that his vehicle was hit from behind by defendants' vehicle while he was double parked on Haviland Avenue. He similarly testified that he did not see the accident occur but knew the accident had happened when he felt the impact between the two vehicles at the time of contact. According to plaintiff, defendants' driver's side front tire and bumper made contact with his passenger side rear tire and fender causing damage both to him and his vehicle.
The photos submitted depict the vehicles' positions immediately following the accident with the plaintiff's vehicle to the left and defendants' vehicle to the right. Additional photos of plaintiff's vehicle depict a flat rear passenger side tire and a straight scratch on the rear passenger side fender.
PE Morr submitted an accident reconstruction analysis in support of the liability motion. In his report, he refers to photos of the vehicles taken at the accident scene through which he identifies two puncture wounds on the tire wall of plaintiff's passenger side rear tire and two linear and parallel straight scratches measuring 1.7 inches on the rear passenger quarter panel in the area of the wheel well. PE Morr opines that contact occurred between defendant's front tire lugs and the area of the passenger side rear wheel well. Critical here, PE Morr opines that physical evidence of the damage to plaintiff's vehicle was the result of plaintiff's movement of said vehicle at the time of contact, and not the movement of defendants' truck. In this regard, he opines that had defendants' truck been moving at the time of contact, the truck's rolling wheel lugs would have left parallel arcing marks on the surface of plaintiff's vehicle at the point of contact. In sum, PE Morr opines that plaintiff's account of the accident is inconsistent with the physical evidence presented in the photographs of the incident.
The proponent of a summary judgment motion has the burden of submitting evidence in admissible form demonstrating the absence of any triable issues of fact and establishing entitlement to judgment as a matter of law (Giuffrida v Citibank Corp., 100 NY2d 72 [2003]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York University Medical Center, 64 NY2d 851 [1985]). The failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (Winegrad, 64 NY2d at 853).
Credibility determinations should not be resolved on summary judgment (see Asabor v Archiocese of NY, 102 AD3d 542 [1st Dept 2013]). However, there are rare instances where credibility determinations may be made as a matter of law (Carthen v Sherman, 169 AD3d 416 [*3][1st Dept 2019]). Testimony may be discounted where the plaintiff has "relied solely on her own testimony, uncorroborated by any other witnesses or evidence" and the testimony belied "common sense" (Castro v Hatim, 174 AD3d 464, 466 [1st Dept 2019] quoting Moorhouse v Standard, NY, 124 AD3d 1, 9 [1st Dept 2014]). Nevertheless, "where different conclusions can reasonably be drawn from the evidence, the motion [for summary judgment] should be denied" (Venezia v LTS 711 11th Ave., 201 AD3d 493 [1st Dept 2022] citing Sommer v Federal Signal Corp., 79 NY2d 540, 555 [1992]). 
Defendants have met their burden of showing entitlement to judgment as a matter of law. PE Morr's accident reconstruction report opining that the straight scratches on plaintiff's vehicle were caused by plaintiff himself is uncontested. According to PE Morr, the straight, parallel scratches are proof of movement by only plaintiff's vehicle at the time of contact. Plaintiff, in opposition, has failed to raise an issue of fact as his testimony stands alone as the only contradictory evidence, which is uncorroborated and contradicts the physical evidence available (see Castro, 174 AD3d 464, see also Deutch v City of New York, 205 AD3d 503 [1st Dept 2022]). Relatedly, plaintiff submits no expert affidavit in opposition, and plaintiff's attorney's affirmation alone is insufficient to raise an issue of fact (Conti v City of Niagara Falls Water Bd., 82 AD3d 1633, 1634 [1st Dept 2011]). To be sure, plaintiff's attorney's bald assertion that any part of defendant's vehicle could have caused the scratch is at best speculative and is unsupported by evidence (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Further, plaintiff's assertion that PE Morr's expert report should be disregarded as "conjecture" for failing to state whether the truck was completely stopped is baseless. The report states that defendant's vehicle was "stopped or nearly stopped," consistent with Giacomini's testimony that he had to "ride the brake" without using the gas while idling next to plaintiff's vehicle. 
All other arguments advanced by the parties have been considered and found to be unavailing, and there is no need to address the serious injury threshold prong of defendants' motion given the court's finding that they are without liability herein. 
Accordingly, it is hereby: 
ORDERED that the motion (Mot. Seq. 1) by defendants, Eugene Giacomini and United Parcel Service, Inc., for an order granting summary judgment on the issue of liability is GRANTED, and the complaint is hereby DISMISSED; and it is further, 
ORDERED that defendants shall serve upon plaintiff a copy of this order with notice of entry within thirty (30) days hereof. 
This constitutes the Decision and Order of this Court. 
Dated: December 9, 2024
JOHN A. HOWARD-ALGARIN, J.S.C.